**FILED**

MAR 30 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

RODOLFO ALVAREZ,

        Defendant.
_____/

CR. NO. S-08-0420 EJG
CIV. NO. S-10-0609 EJG

ORDER DENYING MOTION TO REDUCE SENTENCE; ORDER DENYING CERTIFICATE OF APPEALABILITY

    Defendant, a federal prisoner proceeding pro se, has filed a motion for reduction of sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion and the applicable law, the court has determined it may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

1

## Background

Defendant was convicted March 25, 2009 pursuant to his plea of guilty to one count of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea agreement provided, among other things, that defendant waived his rights to appeal and collaterally attack his conviction and sentence. (Plea Agreement, 7:1-16, attached as exhibit A.) Defendant was sentenced June 5, 2009 to a term of 108 months incarceration and 36 months supervised release. Now, a year after his conviction and despite the express language of his plea agreement, defendant has filed the instant § 2255 motion seeking to reduce his sentence.

## Discussion

In his motion defendant argues he has been denied various reductions of sentence based on his status as an illegal alien. Specifically, defendant requests a two-point reduction or downward departure of his sentence and states that, in return, he will accept an order of final deportation.

Defendant's motion is barred by the terms of the plea agreement for two reasons. First, he waived the right to collaterally attack his sentence pursuant to § 2255 as part of his plea agreement. Plea Agreement, 7:12-16. Defendant's waiver of his appellate rights is enforceable as long as the waiver encompasses the grounds raised in the challenge and is knowingly

1 and voluntarily made. <u>United States v. Joyce</u>, 357 F.3d 921, 922-
2 23 (9th Cir. 2004) (upholding waiver of appellate rights); <u>United
3 States v. DeJarnette</u>, 63 Fed. Appx. 284 (9th Cir. 2003)
4 (upholding waiver of appeal and collateral attack).

5     Here, defendant's waiver is broad and clearly encompasses
6 the collateral attack set out in his § 2255 motion. Instead of
7 providing a limited waiver, the language of the plea agreement
8 contains a broad, all-encompassing waiver giving up "<u>any</u> right he
9 may have to bring a post-appeal attack on his conviction or his
10 sentence. He <u>specifically agrees</u> not to file a motion under 28
11 U.S.C. § 2255 or § 2241 attacking his conviction or sentence."
12 Plea Agreement, 7:13-16 (emphasis added). Finally, defendant has
13 not shown that his waiver was either involuntary or unknowing.
14 The plea agreement is clear in its expression of the waiver and
15 defendant cannot legitimately contend he did not know its meaning
16 where the agreement bears his signature, and he was specifically
17 questioned by the court about his understanding of the waiver
18 during the plea colloquy.

19     Second, as part of his plea agreement, defendant agreed not
20 to move for or argue in support of any departure from the
21 Sentencing Guidelines. Plea Agreement, 6:16-18. Accordingly, he
22 cannot now request a downward departure in contravention of the
23 terms of his plea agreement.

24
25
26                                 3

## Conclusion

For these reasons, defendant's motion to reduce his sentence pursuant to § 2255 of Title 28 of the United States Code is DENIED. The Clerk of Court is directed to close companion case CIV. NO. S-10-609 EJG.

## Certificate of Appealability

Pursuant to recent Ninth Circuit authority, the court addresses the issue of *certificate of appealability* as part of the ruling on the post-conviction motion. In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253( c )." Fed. R. App. P. 22(b). Such certification may issue "only if [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

For all of the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will not issue.

IT IS SO ORDERED.

Dated: March 29, 2010

EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

4